IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEANNE MCFADDEN, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 13-2914 |
| | : | |
| NAOMI WEISS et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

**Judge C. Darnell Jones, II**                                                                                          November 12, 2014

    The motions pending before the Court concern service of process failures. Currently, there is a pending Plaintiff's motion from February 25, 2014 for an extension of time to serve Defendant. The Court grants Plaintiff's motion insofar as Plaintiff is granted an additional forty five (45) days to properly served Defendant. The Court does not grant alternate service of process.

### I.     Background

    This case relates to a motor vehicle accident that occurred on May 28, 2011. Plaintiff alleges that at the time of the accident, Defendant did not provide her address information. (Pl. Mot., Dkt No. 17, ¶ 2.) Plaintiff filed a Complaint with this Court on May 23, 2013. (Dkt No. 1.) Summons was issued for Defendant that same date.

    Over the next 120 days, Plaintiff failed to serve Defendant. Plaintiff alleges that during this time, she hired Lennon Investigations, Inc. to locate Defendant for service. (Pl. Mot. ¶ 3.) Plaintiff asserts that Lennon Investigation found five potential addresses. (Pl. Mot. ¶ 4.) Plaintiff hired Metro Filing Services to serve Defendant. (Pl. Mot. ¶ 5.) Plaintiff attempted to serve Defendant at her father's address on four separate occasions within the 120 day period. (Dkt No. 3.) The time for proper service elapsed on September 20, 2013. Plaintiff served Defendant's father on October 4, 2013. (Pl. Mot. ¶ 5.) On October 18, 2013, Plaintiff reports receiving a facsimile from Defendant's counsel indicating that Defendant "had not lived with her father for a number of years." (Pl. Mot. ¶ 6.)

On October 25, 2013, Defendant Longo entered a limited appearance to move to dismiss and contest personal jurisdiction, venue and service of process. (Dkt No. 9.) Plaintiff responded. (Dkt No. 10.) The Court dismissed Defendant's motion without prejudice and ordered that Plaintiff had forty five additional days to serve Defendant Longo. (Dkt No. 11.) On January 21, 2014, Plaintiff filed for a praecipe to issue alias writ of summons. (Dkt No. 12.) Plaintiff's firm, Lennon Investigations, found that Plaintiff resided with her mother. (Pl. Mot. ¶ 8.) A second firm, American Find, Inc., further corroborated that Plaintiff was living with her mother. (Pl. Mot. ¶ 8.) Plaintiff submitted proof of one failure of service prior to the forty five day deadline. (Dkt No. 14.) The forty five day deadline elapsed on January 30, 2014. On or about February 10, 2014, Metro Filing Services was hired to effectuate service at Plaintiff's mother's home. (Pl. Mot. ¶ 9.) Plaintiff submit proof of failure of service twice more after the lapse of the deadline. (Dkt Nos. 15-16.)

On February 25, 2014, one month after the forty five day deadline had lapsed, Plaintiff moved for an extension of time to serve Defendant Longo and a motion for alternative service. (Dkt No. 17.) On February 26, 2014, the Court granted Plaintiff's motion to extend time to serve Defendant Longo by (1) serving a copy on her father, (2) serving a copy on her mother, and (3) publishing an advertisement of the notice. (Dkt No. 20.) On March 3, 2014, Defendant Longo moved for reconsideration. (Dkt No. 21.) On March 5, 2014, the Court ordered that its previous order was vacated and ordered Defendant Longo to file any opposition to Plaintiff's Motion, (Dkt No. 17), within five days of the Order.[1] On March 10, 2014, Defendant responded. (Dkt No. 23.) On March 12, 2014, Plaintiff responded. (Dkt No. 24.)

**II.      Standard of Review**

**A. Extension of Time to Serve**

Federal Rule of Civil Procedure 4(m) reads in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But

---

[1] Following the Court's Order dated March 3, 2014, (Dkt No. 22), vacating the Court's Order dated February 27, 2014, (Dkt No. 20), Plaintiff filed a response arguing that the Court's reconsideration of the March 3rd Order would be improper. (Dkt No. 24.) The Court notes that these arguments are rendered moot by the Court's March 3rd Order. (Dkt No. 20.)

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

To determine whether to approve a motion to extend time for service of process, the Court will follow a two-step inquiry. *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). The Court will first determine whether good cause exists for the Plaintiff's failure to timely serve. "[I]f good cause exists, the district court has no choice but to extend time for service." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). If good cause does not exist, the district court may consider whether to grant a discretionary extension of time. *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

### B. Alternate Service of Process

Under Federal Rule of Civil Procedure 4(e), Plaintiff may serve Defendant following the state law of the state where the district court is located. Given that this Court is in the Eastern District of Pennsylvania, applicable Pennsylvania state laws of service of process apply. Under applicable Pennsylvania Administrative Code § 430:

> (a) If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

To succeed on this motion, Plaintiff must show (1) a good faith effort to locate Defendant, (2) reasonable and practical efforts to serve Defendant, and (3) an alternate method "reasonably calculated to provide the defendant with notice of the proceedings against him." *Calabro v. Leiner*, 464 F.Supp.2d 470, 471 (2006); *see also Clayman v. Jung*, 173 F.R.D. 138, 140 (E.D. Pa. 1997).

### III. Discussion
### A. There is no mandatory extension of good cause required.

The Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the

time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *Petrucelli*, 46 F.3d at 1312 (Becker, J. concurring)). The primary focus of the Court's inquiry should be into Plaintiff's reasons for not complying. *MCI Telecommunications Corp.*, 71 F.3d at 1097.

As to the first missed deadline, Plaintiff hired an investigative agency, the agency found that Defendant's address under New Jersey Department of Motor Vehicle records was her father's home, Plaintiff's service agency attempted to serve Plaintiff at that address five times. Moreover, Defendant failed to share her address at the scene of the accident or provide any other information. However, Plaintiff did not attempt to serve Defendant at her father's home until after the deadline had lapsed.

As to the second missed deadline, Plaintiff did not submit a praecipe to issue alias writ of summons until one week before the deadline. Plaintiff submitted one proof of service failure within the forty five day deadline. Plaintiff submitted two attempts at service beyond the forty five days. The pending request for extension was made one month after the forty five days had elapsed.

Given that within the forty five day extension window, Plaintiff only made one good faith attempt to serve Defendant, the Court cannot find "good cause" that mandates that the Court provide Plaintiff with an extension.

### B. The Court exercises its discretionary authority to extend time for service.

"[T]he district court may, in its discretion, extend time even absent a finding of good cause." *Petrucelli*, 46 F.3d at 1305. While Plaintiff has not acted timely, Plaintiff has retained multiple companies to search for Defendant and has attempted at least one good faith effort to serve Defendant in each appropriate time period at a location wherein Plaintiff had reasonable belief that Defendant resided. Moreover, Defendant has failed to provide an address throughout this process. The Advisory Committee's notes on Federal Rule of Civil Procedure 4(m) suggest that courts may consider whether the defendant was evading service or concealing a defect in attempted service. *Petrucelli*, 46 F.3d at 1305-06 (internal citations omitted).

As such, Plaintiff is permitted one final opportunity to serve Defendant within forty five days of the date of this Order.

### C. The Court denies Plaintiff's request for special service.

To succeed on this Motion, Plaintiff must first show a good faith effort to serve Defendant. *Calabro*, 464 F.Supp.2d 470, 472 (E.D. Pa. 2006) (citing *Grove v. Guilfoyle*, 222 F.R.D. 255, 257 (E.D. Pa. 2004)). Good faith efforts can include inquiries to postal authorities, inquiries of relatives, neighbors, friends, and employers of Defendant, examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records. 231 Pa. Admin. Code. 430(a), Note. Pursuing each option is neither necessary nor sufficient. *Calabro*, 464 F.Supp.2d at 472 (citing *Long v. Polidori,* 2003 WL 21278868, at * 1 (E.D. Pa. 2003).

Plaintiff pursued many of these approaches. Plaintiff's investigative firm inspected the New Jersey Department of Motor Vehicles, which reported that Plaintiff lived at her father's home. (Affidavit of Robert Deluca, Counsel for Plaintiff, Dkt No. 17 ¶ 3.) Plaintiff pursued exhaustive internet research, which presumably encompassed Rule 430(a)'s Note's suggested records searches. (Aff. Deluca ¶¶ 6-7.) Plaintiff's counsel affirmatively states that these inquiries relayed that Defendant most likely lives with her mother in Levittown, Pennsylvania. (Aff. Deluca ¶ 7.) According to Plaintiff's brief in support of her Motion, two investigative firms retained by Plaintiff have confirmed that Defendant lives at her mother's home. (Pl. Mot. ¶ 8.) Plaintiff has properly demonstrated that she engaged in good faith efforts.

Second, Plaintiff must show that she has made practical efforts to serve Defendant. Plaintiff bears the burden to show that these efforts were made. *Calabro*, 464 F.Supp.2d at 473. In *Clayman*, this Court held that it was appropriate to deny alternate service when Plaintiff had engaged in good faith investigative efforts and possessed "competent evidence" that Defendant lived on a known street. 173 F.R.D. at 142. "[I]n place of a fond hope that publication may give Defendant actual notice of this case, [Plaintiffs] now stand in a position where it appears likely that they will be able to serve the summons and complaint in this matter upon [Plaintiff] *personally*"). *Id.*

Similarly, in this case, according to Plaintiff's affidavit, Plaintiff has competent evidence of Defendant's known address. In the most recent extension period, Plaintiff made only one attempt at serving Defendant and it was not at Defendant's suspected address. Plaintiff did not attempt to serve Defendant at that address during the appropriate period of time (the forty five

5

day extension period).[2] Plaintiff has not fulfilled her burden to necessitate an order for alternate service.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II    J.

---

[2] Plaintiff has filed with the Court proof of failure of service at Defendant's mother's address on five additional, separate occasions. (Dkt Nos. 16,  27.) However, these attempted service dates all fall far outside the extension of time authorized by the Court's Order dated December 16, 2013. (Dkt No. 11.) For consideration of this Motion, the Court may only consider the Plaintiff's affidavit as filed at the time of the Motion. Furthermore, the Court may only consider attempts at service that fell within the period of time for service of process as so ordered by the Court.